CHRISTOFF, EXR., APPELLEE, v. BRUNCKHART ET AL., APPELLANTS.

[Cite as Christoff v. Brunckhart, 1 Ohio App. 2d 210.]

(No. 3099—Decided January 29, 1965.)

*Messrs. Dowd & Dowd,* for appellee.
*Mr. Jack S. Roesch,* for appellants.

RUTHERFORD, P. J. On February 13, 1957, the defendants, Ray S. and Norma J. Brunckhart, were indebted to plaintiff's decedent in the sum of $95 upon oral contract, that amount being the balance due upon open account.

On February 13, 1957, the defendant Ray S. Brunckhart applied to the Municipal Court of Massillon for the appointment of a trustee under the provisions of Section 2329.70 of the Revised Code. A trustee was appointed, and the defendant Ray S. Brunckhart filed with the trustee a complete statement under oath of the names of his unsecured creditors with liquidated claims, listing among others the claim of Dr. R. W. Croyle in the sum of $95.

On June 1, 1957, the defendant Ray S. Brunckhart made a payment to the trustee.

On June 10, 1957, from the amount paid by the defendant on June 1, 1957, the trustee made distribution of $4 to the account of Dr. R. W. Croyle, reducing the balance to $91.

In May 1958, Dr. Croyle rendered services to defendants for which he made a charge in the sum of $10. There is no allegation that these services were in any way connected with those rendered more than a year earlier.

On June 6, 1963, plaintiff, as executor of the estate of Dr. R. W. Croyle, deceased, commenced action on the account praying for judgment in the sum of $101, upon the foregoing alleged facts.

The defendants offered to confess judgment in the sum of $10 for services rendered in 1958, and moved for judgment on the pleadings as to the balance of the claim for the reason that the action had not been commenced within the six-year period of limitation under the provisions of Sections 2305.07 and 2305.08 of the Revised Code.

The Municipal Court rendered judgment for the plaintiff against the defendants in the sum of $101 and costs from which judgment the appeal has been taken to this court on questions of law.

The only question of law in this case is: Does a distribution by a trustee appointed under Section 2329.70 of the Revised

Code constitute such part payment to a creditor as will toll the statute of limitations under Section 2305.08, Revised Code?

Section 2305.07, Revised Code, provides:

"An action upon a contract not in writing, express or implied, * * * shall be brought within six years after the cause thereof accrued."

Section 2305.08, Revised Code, provides:

"If payment has been made upon any demand founded upon a contract, or a written acknowledgment thereof, or a promise to pay it has been made and signed by the party to be charged, an action may be brought thereon within the time limited by Sections 2305.06 and 2305.07 of the Revised Code, after such payment, acknowledgment, or promise."

Section 2329.70, Revised Code, which provides for appointment of a trustee upon application by a debtor to the Municipal Court, also provides for the manner of distribution by the trustee of money received and further provides that that section does not prohibit creditors from recovering judgment against such debtor.

It is our finding and decision that part payment by a debtor to a trustee appointed under the provisions of Section 2329.70, Revised Code, is such part payment as fixes the time after which an action can be brought under the provisions of Section 2305.08, Revised Code; but distribution by the trustee appointed under Section 2329.70, Revised Code, does not constitute such part payment by the debtor, under the provisions of Section 2305.08, Revised Code, as will take the residue of the debt out of the statutory limitation. See *Marienthal* v. *Mosler*, 16 Ohio St. 566. That case involved an assignee; but likewise in this case we find that the trustee, upon appointment by the court, became in law a trustee for both the debtor and creditors, rather than the agent of either; and the provisions of Section 2329.70, Revised Code, imposed upon him the duty of carrying out the trust in the proper appropriation of the assets paid by the debtor to the pre-existing creditors as specified. Once funds have been paid to the trustee they are beyond control of the debtor. Such section confers no power upon the trustee, either to create new debts against the debtor, or to extend his legal obligations to creditors; neither does it prohibit a creditor

from recovering judgment against his debtor if he does so within the period of limitation otherwise allowed.

The judgment was rendered against both Ray S. Brunckhart and Norma J. Brunckhart. Since February 13, 1957, the defendant Norma J. Brunckhart has made no payment, nor has she made any written acknowledgment or promise to pay. Since June 1, 1957, the defendant Ray S. Brunckhart has made no payment, nor has he made any written acknowledgment or promise to pay.

As to that part of the account, representing a balance of $91, upon which the cause of action arose on or before February 13, 1957, no payment, acknowledgment or promise having since been made by the defendant Norma J. Brunckhart, and no payment, promise or acknowledgment having been made by defendant Roy S. Brunckhart since June 1, 1957, this action, commenced on June 6, 1963, was not commenced within the six-year period as fixed by either Section 2305.07 or Section 2305.08 of the Revised Code, and is therefore barred.

As to the $10 charged to the account in 1958, six years had not elapsed, and the defendants having offered to confess judgment as to that item, judgment should have been rendered by the Municipal Court in favor of the plaintiff against the defendants, Ray S. Brunckhart and Norma J. Brunckhart, in the sum of $10.

In accordance with the findings herein, the judgment of the Municipal Court is reversed in part, final judgment is rendered in favor of the plaintiff against the defendants in the sum of $10 and costs, with this cause remanded to the Municipal Court for any further proceedings.

*Judgment accordingly.*

McLAUGHLIN and VAN NOSTRAN, JJ., concur.